**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 03-CR-81123-DT
                                                 Case No. 05-CV-71617-DT

MARCO HIGH,

    Defendant.
                                             /

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Pending before the court is Defendant Marco High's April 25, 2005 motion filed under 28 U.S.C. § 2255 to vacate his sentence. For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

Defendant was indicted by a federal grand jury on December 23, 2003. The indictment charged him with being a felon in possession of a firearm, possession with attempt to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 922(g)(1), 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Defendant was convicted of counts two and three based on his guilty plea pursuant to a Rule 11 plea agreement.

The Rule 11 agreement provided that Defendant would plead guilty to counts two and three of the indictment, and that count one would be dismissed by the government following the court's acceptance of Defendant's plea and sentencing. The Rule 11

agreement's factual statement provided in relevant part that "[D]efendant Marco High . . . . possessed firearms, to wit: one Norinco SKS, semi-automatic assault weapon, on Rossi .357 revolver; and one Colt .22 caliber revolver, in furtherance of the drug trafficking crime of possession with intent to distribute marijuana on or about November 18, 2003." ) (4/26/04 Rule 11 Agreement at 2-3) The Rule 11 agreement also contained a provision wherein Defendant agreed to waive his right to appeal except as to a sentencing finding of the court "to the extent it results in a sentence greater than the maximum described in para. 2 of this agreement, but only if such finding or conclusion differs from what is contained in the attached stipulated worksheets." (*Id.* at 6).

During his plea hearing, Defendant testified that he fully understood and agreed with the terms of the Rule 11 agreement. He acknowledged that no one had forced or threatened him to sign it, and that no one had made any promises not contained in the Rule 11 agreement itself or done anything improper in his view. (4/26/04 Plea Hr'g Tr. at 21). On July 27, 2004, the court imposed a sentence of 122 months imprisonment followed by supervised release.

Defendant now seeks a modification of his sentence, claiming (1) that his attorney was ineffective for (a) advising a plea of guilty when the indictment did not specify that the firearm possessed was an assault weapon, (b) not advising Defendant to take the case to trial, (c) not filing a notice of appeal or a motion to seek to withdraw the guilty plea since the sentence of 120 months is invalid as a matter of law, and (2) that the absence of an indictment specification of the rifle as a semi-automatic assault weapon rendered the indictment defective.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged.  *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance").  It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.

3

### A.  Advising Defendant to Enter a Plea of Guilty, Not Advising Defendant to "take the case to trial," and Alleged Absence of An Indictment Specification as to the Rifle[1]

Defendant's first and second claims of ineffective assistance of counsel have, in essence, the same basis: the attorney's purported advice to plead guilty in the face of a indictment that was "defective" because it failed to specify the nature of the firearm he was charged with possessing.  In addition, Defendant posits in his fourth claim that the word "assault rifle" is required to be stated in the indictment in order to give him proper notice of the enhanced mandatory minimum penalties under 18 U.S.C. § 924(c).  These claims are based on a faulty premise since Defendant was indeed charged specifically in the indictment with possession of a "Norinco SKS Rifle" and the first of the listed "assault weapons" found in 18 U.S.C. § 921(30)(A)(i), then in effect and since repealed, provided that:

> "The term 'semiautomatic assault weapon' means – (A) any of the firearms, or copies or duplicates of the firearms in any caliber, known as – "(i) *Norinco* . . . "

18 U.S.C. § 921(30)(A)(i).

In addition, the designation of the Norinco as an "assault weapon" was prominently noted in a worksheet attached to the Rule 11 agreement: "Δ POSSESSED SEMI-AUTOMATIC *ASSAULT WEAPON*.  PURSUANT TO 18 USC 924(C) 120 MONTHS MANDATORY."  (*See* Worksheet D, attached to 4/26/04 Rule 11 Agreement) (emphasis added).  Also, the factual statement contained in the body of the Rule 11 agreement provided in relevant part that "the parties stipulate to the following . . . as an

---

[1]  Plaintiff does not allege that his trial counsel was ineffective because of the alleged absence of a rifle specification in the indictment, but the court will discuss Plaintiff's fourth claim here since it is related to Plaintiff's first and second ineffective assistance of counsel claims.

accurate factual basis for [D]efendant's guilty plea: . . . [D]efendant Marco High . . . possessed . . . one Norinco SKS, semi-automatic assault weapon . . . in furtherance of the drug trafficking crime of possession with intent to distribute marijuana on or about November 18, 2003." (4/26/04 Rule 11 Agreement at 2-3.)

Defendant agreed that he had signed the agreement, and stated under oath that he understood it, wanted to live by its terms and that he thought it was in his best interest. His attorney stated on the record that she had gone over the agreement carefully with not only Defendant but also his mother and other family members. (4/26/04 Plea Hr'g. Tr. at 15).

The indictment was not defective for failing to give notice of the assault weapon character of the Norinco, and Defendant clearly acknowledged under oath his awareness of the nature and presence of an "assault weapon" as he had in writing before the plea hearing. Defendant's ineffective assistance claims on that basis and his complaint relating to the rifle specification are rejected.

**B.  Failing to Seek to Withdraw Guilty Plea and Failing to File a Notice of Appeal**

Defendant next claims that he received ineffective assistance of counsel because his lawyer failed to file a motion to withdraw his plea and failed to file a notice of appeal.

The indictment is not defective, as noted above, and Defendant admitted all facts necessary for the imposition of a 120-month mandatory minimum sentence. Because there is no showing of actual prejudice, Defendant's ineffective assistance claim fails. *See Beasley* 491 F.2d at 697 (noting that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). The Supreme Court has instructed

that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be [the case], that course should be followed." *Id.*

Defendant cannot satisfy his burden to show that his sentence would have been different if his attorney had filed a motion to withdraw the guilty plea. The indictment was not defective, as found above, and a conviction at trial would have resulted in a greater, not lesser, sentence due to the likely absence of an adjustment in favor of Defendant for acceptance of responsibility. *See Lucas v. O'Dea,* 179 F.3d 412, 418, (6th Cir. 1999) (requiring "a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different.").

Defendant also cannot satisfy his burden to show that his sentence would have been different if his attorney had filed a notice of appeal. Besides his failure to identify the basis for his appeal, Defendant agreed in his Rule 11 agreement to waive his right to appeal except as to a sentencing finding greater than the maximum described. (4/26/04 Rule 11 Agreement at 6.)  Therefore, it is unlikely that the Defendant would be allowed to pursue his appeal.

Defendant's ineffective assistance claim based on these grounds will also be rejected.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion under 28 U.S.C. § 2255 to vacate sentence [Dkt. # 1] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 1, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Wagner

Case Manager and Deputy Clerk
(313) 234-5522