UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                      Case No. 03-CR-81123-DT
                                                      Case No. 05-CV-71617-DT

MARCO HIGH,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR A CERTIFICATE OF
APPEALABILITY AND GRANTING DEFENDANT'S APPLICATION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS***

Pending before the court is Defendant's motion for a certificate of appealability [Dkt. # 84] and application for leave to appeal *in forma pauperis* [Dkt. # 85]. For the reasons stated below, the court will grant Defendant's motion for a certificate of appealability and will grant Defendant leave to appeal *in forma pauperis.*

**I. STANDARD**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The Defendant must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.  DISCUSSION

### A.  Motion for a Certificate of Appealability

In his "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody," Defendant claimed that his attorney was ineffective and the absence of an indictment specification of the rifle as a semi-automatic assault weapon rendered the indictment defective.  In his motion for a certificate of appealability, Defendant claims that the court erred by not holding an evidentiary hearing in reference to his claim that his attorney failed to file a notice of appeal on his behalf despite his request.[1]  (Def.'s Mot. at 2.)

In its "Order Denying Petitioner's Motion to Vacate Set Aside, or Correct Sentence Under 28 § 2255," the court held that Defendant could not "satisfy his burden to show that his sentence would have been different if his attorney had filed a notice of appeal and also noted Defendant's waiver of his right to appeal in his Rule 11 agreement."  (9/1/05 Order at 6.)  The court based its conclusion on Defendant's

---

[1] Defendant also asserts that *Dodd v. United States*, 125 S. Ct. 2478 (2005) overruled "the circuits' decisions that a review of the non-mandatory structure of the guidelines cannot be entertained in habeas corpus per *United States v. Booker*, 125 S. Ct. 738 (2005)." (Def.'s Mot. at 2.)  In addition, Defendant contends that "[p]er *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), . . . a petitioner [is allowed] to file a 60(b) motion in § 2255 litigation."  (*Id.*)  Defendant did not raise these claims in his § 2255 petition and the court does not find either claim to be relevant to Defendant's case.

agreement to waive his right to appeal except as to a sentencing finding greater than the maximum described.² (*Id.*)

The court notes, however, that the *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) court stated that:

> [E]very Court of Appeals has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. . . .  We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth Amendment.

*See also Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodener*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 (8th Cir. 1988).

The court also notes the unpublished Sixth Circuit case*, Carrion v. United States,* 107 Fed. Appx. 545, 546 (2004), in which the court interpreted *Ludwig* in the case of a defendant who signed a plea agreement, in which he waived his right to appeal except to challenge his criminal history category or an upward departure from the parties's recommended sentence.  The defendant in *Carrion* brought a claim of ineffective assistance of counsel pursuant to a 28 U.S.C. § 2255 motion, claiming that his attorney did not file an appeal on his behalf as he requested immediately after his sentencing hearing.  *Id.*  The district court held

---

² The Government recommended a sentence of 128 months and Defendant received a sentence of 122 months.  (4/26/04 Rule 11 Agreement at ¶ 2.)

that the defendant's "counsel did not provide ineffective assistance by failing 'to file an appeal when his client has waived appeal rights.'" *Id.* The *Carrion* court reversed the district court's holding, stating that the "the district court wrongly concluded that [the defendant's] appeal waiver precluded him from pursuing an appeal." *Id.* at 547. The court further clarified its conclusion, stating that "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel per se, irrespective of whether the appeal would be successful." *Id.*

In light of *Ludwig* and *Carrion*, reasonable jurists could conclude that Defendant's counsel provided ineffective assistance and, subsequently, that Defendant is entitled to a delayed appeal. Defendant's motion for a certificate of appealability, therefore, will be granted.

### B. Application For Leave To Appeal *In Forma Pauperis*

Additionally, Petitioner has filed a "Motion to Proceed Without Payment of Filing Fees." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). The court finds that Defendant's appeal is in good faith and, therefore, will grant Defendant's application for leave to appeal *in forma pauperis*.

## III.  CONCLUSION

IT IS ORDERED that Defendant's Motion for a Certificate of Appealability [Dkt. # 84] is GRANTED as to the following:

Was Defendant denied the effective assistance of counsel because his attorney did not file a direct appeal on his behalf?

IT IS ALSO ORDERED that Defendant's Application For Leave to Appeal *In Forma Pauperis* [Dkt. # 85] is GRANTED.


  S/Robert H. Cleland
 ROBERT H. CLELAND
 UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

  S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\2255s\03-81123.HIGH.GrantingCOA.wpd